**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROGER D. HARGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-10-1131-HE |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Roger Hargrove filed this case seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits and supplemental security income benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Bana Roberts, who recommended that the Commissioner's decision be affirmed. Plaintiff has filed a timely objection. Therefore, the court makes a *de novo* review of the Report and Recommendation to which specific objections are made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1).

Plaintiff's objections focus on the step-five analysis of the administrative law judge ("ALJ"). At this stage, the burden is on the Commissioner to establish that plaintiff retains a residual functional capacity ("RFC") "to perform work in the national economy, given his age, education, and work experience." Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005) (citing Williams v. Bowen, 884 F.2d 748, 751 (10th Cir. 1988)). The ALJ determined plaintiff has the RFC to perform medium work, except:

> [H]e is limited to simple tasks with routine supervision; the claimant's ability to understand, remember, sustain concentration, persist, socially interact and adapt are adequate for simple instructions; he can relate to supervisor and peers on a superficial work basis; and he can adapt to a work situation, but cannot relate to the general public.

[Tr. 31]. Evaluating this RFC along with plaintiff's vocational factors and the testimony of a vocational expert, the ALJ concluded plaintiff can perform unskilled sedentary, light, and medium work in the national economy. Necessary to the ALJ's RFC conclusion was the determination that plaintiff's complaints of pain, anxiety, and other subjective, nonexertional limitations were partially not credible. Plaintiff's objection to the ALJ's decision focuses on this credibility assessment.

After *de novo* review of plaintiff's objection, the court agrees with the magistrate judge that the ALJ's credibility assessment was supported by substantial evidence. As the magistrate judge noted, the ALJ did not completely discount plaintiff's subjective claims. Those claims apparently formed the basis of the limitations the ALJ placed on plaintiff's "medium work" RFC. The ALJ simply did not believe those limitations were disabling in light of the objective information in the record. Specifically, in addition to plaintiff's daily activities, the ALJ relied on a physical examination by Dr. Graham which contradicted plaintiff's claim of disabling pain.

The court, having reviewed the record and considered plaintiff's arguments, agrees with the magistrate judge's analysis and adopts her Report and Recommendation. Accordingly, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE